FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 18, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SEAN MICHAEL GILLESPIE,<br><br>　　　　Defendant. | NO:  2:20-CR-120-RMP-1<br><br>ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |

BEFORE THE COURT, without oral argument, is Defendant Sean Michael Gillespie's Motion for Early Termination of Supervised Release, ECF No. 9.  Having reviewed the motion, the Government's response opposing the motion, the remaining record, and relevant law, the Court is fully informed.[1]

---

[1] Defendant did not request oral argument on the motion.  ECF No. 9 at 7.  Moreover, the Court finds that oral argument in this matter would not assist the Court in rendering a decision and that the parties' briefing provided them an opportunity to be fully heard.  See LCivR 7(i)(3)(B)(iii).

ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION
OF SUPERVISED RELEASE ~ 1

The Court may terminate an individual's supervised release obligations "at any time after the expiration of one year . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The standard's focus on the "'conduct of the defendant' and 'interests of justice' makes clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). In certain cases, a change in circumstances such as "exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine . . . will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Miller*, 205 F.3d 1098, 1101 (citing *Untied States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).

On September 9, 2005, a jury in the Western District of Oklahoma, case no. 5:04-cr-94-C-1, convicted Mr. Gillespie of multiple counts related to arson and the use of a firearm during a crime of violence, in violation of 18 U.S.C. §§

924(c)(1)(A), 844(i) and 26 U.S.C. § 5861(d).² ECF Nos. 61, 70 (W.D. Okla.).³ Defendant's crimes arose from him throwing a "Molotov cocktail" into the Temple B'nai Israel. ECF No. 78 (W.D. Okla.). Before sentencing, Defendant wrote a letter to the Temple which contained "racially motivated epithets and claimed that Temple members falsely testified against him at trial." *Id.* at 4; *cf. United States v. Gillespie*, 452 F.3d 1183, 1186 (10th Cir. 2006). The court sentenced Defendant to 468 months of imprisonment and five years of supervised release. ECF No. 70 (W.D. Okla.).

Following an unsuccessful appeal and motion to vacate, the Ninth Circuit granted Mr. Gillespie authorization to file a second § 2255 motion challenging his

---

² Defendant's conviction included the following counts: (1) Knowingly Used and Carried a Firearm (Destructive Device) During and in Relation to a Crime of Violence; (2) Knowingly and Maliciously Attempted to Damage, and Did Damage, by Means of Fire and Explosive, a Building Used in Interstate Commerce, and (3) Knowingly and Unlawfully Possessed a Firearm (Destructive Device) Which Had Not Been Registered to Him in the National Firearm Registration and Transfer Record. ECF Nos. 14, 70 (W.D. Okla.).

³ For sake of clarity, all citations to the record for Case No. 5:04-cr-94-C-1 (W.D. Okla.) will include a designation for that district.

ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION
OF SUPERVISED RELEASE ~ 3

conviction in light of *United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319, 204 L. Ed. 2d 757 (2019). ECF No. 100 (W.D. Okla.). The *Davis* case invalidated the residual clause definition of "violent felony" under 18 U.S.C. § 924(c) as unconstitutionally vague. 139 S. Ct. at 2336. In light of *Davis* and the Tenth Circuit's holding in *United States v. Salas*, 889 F.3d 681 (10th Cir. 2018), that arson is not a crime of violence, the district court found that Defendant's sentence must be vacated. ECF No. 104 (W.D. Okla.). On June 5, 2020, the district court dismissed Defendant's § 924(c) conviction and sentenced him to time served and three years of supervised release to run concurrently on the remaining counts. ECF No. 124 (W.D. Okla.). Defendant's supervision commenced immediately.

      In September 2020, Mr. Gillespie's case was transferred to this district. ECF No. 1. He has not had any violations of supervised release during that time. In the instant motion, Mr. Gillespie states that he "has cut all ties with his extremist past and works daily to build a better life for himself." ECF No. 9 at 4. He lives with his wife and is pursuing an education in diesel mechanics at Spokane Community College. *Id.* at 5. In his free time, Mr. Gillespie speaks with youth groups "about the dangers of extremism and the importance of acceptance." *Id.* Moreover, the Court confirmed that his probation officer, Mark Hedge, has no objection to the motion for early termination. Officer Hedge notes that Mr. Gillespie has done well on supervision and maintains regular communication with him.

ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION
OF SUPERVISED RELEASE ~ 4

The Government opposes the instant motion, arguing that the positive events of the last eighteen months "portray only a very small portion of Defendant's history." ECF No. 10 at 2.  Prior to his conviction in the instant case, the Government argues that Defendant admittedly engaged in multiple hate crimes against the Black and Jewish communities.  *Id.* at 2–3.  While incarcerated, Defendant had a lengthy disciplinary history, which included incidents in June 2014 where Defendant "hurled racial slurs at BOP staff members, swung his head in an attempt to assault a BOP officer, and threatened to spear another BOP staff member in the eyes." *Id.* at 3 (citing ECF No. 10-1 at 7).  The Government contends that Defendant continued to engage in violent behavior as late as November 2018.  ECF No. 10-1 at 8.  Accordingly, the Government argues that Defendant's "success thus far is a credit to how effective supervision is" for him.  ECF No. 10 at 4.

Mr. Gillespie requests early termination of supervised release because current travel restrictions prevent him from accepting a union construction job with travel out of district.  ECF No. 9 at 6.  He also anticipates a need to travel out of district for public speaking engagements about his extremist past and how to combat "hate and violence." *Id.*  The supervising probation officer is unaware of any job offers for Defendant out of district and Defendant.  Moreover, it is the general policy of this District's probation office to allow supervisees to leave the district for work, provided that a timely request is made in order for the supervising probation officer to evaluate and process the request.

ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE ~ 5

The Court commends Mr. Gillespie for his progress to date, particularly his commitment to communicating effectively with members of the community as well as with his supervising officer, and maintaining employment and stable housing. However, an individual's self-reported history of compliance with the terms of supervised release does not automatically qualify as exceptional performance that warrants termination of supervision. *See, e.g.*, *Untied States v. Bauer*, No. CR-09-980 EJD, 2012 WL 1259251 (N.D. Cal. Apr. 13, 2012), at *2 (finding that the defendant's "compliance with release conditions, resumption of employment and engagement of family life" constitute "milestones rather than a change of circumstances rendering continued supervision no longer appropriate"). Additionally, the Court agrees with the Government that Mr. Gillespie's good conduct during supervised release supports the conclusion that supervised release has assisted him.

Lastly, the Court considers the relevant factors under 18 U.S.C. § 3553(a), including the serious nature of Defendant's arson offense and the need "to promote respect for the law, and to provide just punishment." 18 U.S.C. § 3553(a)(1), (2)(A). Here, Defendant's nearly 40-year sentence was vacated in light of recent Supreme Court and Tenth Circuit precedent, resulting in a new sentence of time served and three years of supervised release. ECF No. 124 (W.D. Okla.). Defendant does not show, nor does the Court find, that the imposed three-year term is unnecessarily

harsh or inappropriately tailored to serve the goals of punishment for a serious arson and firearm offense.

The Court finds that Defendant does not present circumstances justifying early termination and the 18 U.S.C. § 3553(a) factors continue to support the original three-year term of supervision imposed.  The Court also will not override the supervising officer's discretionary decisions regarding Mr. Gillespie's travel, should Mr. Gillespie make such travel requests to the supervising officer in advance of any need to travel.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Early Termination of Supervised Release, **ECF No. 9**, is **DENIED**.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel and to the U.S. Probation Office.

**DATED** April 18, 2022.

                              *s/ Rosanna Malouf Peterson*
                              ROSANNA MALOUF PETERSON
                              Senior United States District Judge